## 51294. CENTRAL OF GEORGIA RAILROAD COMPANY v. SUMMERVILLE-TRION ICE COMPANY.

STOLZ, Judge.

This case is an appeal from the superior court's denial of the appellant's motion for judgment notwithstanding the verdict or in the alternative for new trial after a jury verdict in favor of the appellee. The appellant-plaintiff filed a two-count complaint against the appellee-defendant seeking indemnity or contribution for a sum of money the appellant had paid one of its

employees (Dempsey) for injuries sustained on a side track serving the appellee's premises.[1] The appellant's claim for indemnity or contribution is based upon a contract between it and the appellee regarding the side track on which Dempsey was injured. The pertinent paragraphs of the agreement provide: "7. The Tenant will not place or permit to be placed within eight (8) feet of the center line of straight track, or within ten (10) feet on curves, anything which is higher above the ground than the level of the top of the rail, nor will the Tenant place or permit anything to be placed where it will project over the said track as extended unless it clears the top of the rail by at least twenty-two (22) feet . . . 9 . . . The Tenant also agrees to indemnify and hold harmless the Railway from loss, damage or injury from any act or omission of the Tenant, its employees or agents, to the person or property of the parties hereto and their employees and to the person or property of any other person or corporation, while on or about said tract as extended, and if any claim or liability other than fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally."

1. Without reciting the lengthy evidence in this case, suffice it to say that a review of the record in this case reveals evidence from which the jury could have found that Dempsey's injury was the exclusive result of Dempsey's own negligence, the negligence of the appellant's employees, or a combination of the aforesaid. While there was also evidence from which the jury could have found the appellee negligent, it was not compelled to do so. The contract between the parties only provided for payment of indemnity/contribution for "loss, damage or injury from any act or omission of the Tenant [appellee], its employees or agents. . ." and "from the joint or concurring negligence of both parties. . ." The trial judge correctly denied the appellant's motion for judgment notwithstanding the verdict for indemnification or

---

[1] Dempsey's claim against the appellant was maintainable under F.E.L.A. The money paid by the appellant was in full settlement of this claim.

contribution.

2. There was no error in the trial judge's giving the charges complained of.

3. (a) During the trial, the appellant introduced in evidence three exhibits which had been attached to Ellsworth Hall's deposition for the purpose "of reflecting the information Mr. Hall had available to him and to which he referred in his deposition when he made his recommendation [of settlement] with regard to the claim of Mr. Dempsey." The exhibits, identified as P. 18, P. 19 and P. 20, respectively, were a sketch of the area involved showing where Mr. Dempsey fell (P. 18), a series of nine photographs taken of the scene of the injury and the engine involved with captions relating to each photograph (P. 19) and a series of statements (P. 20) which are not involved in this appeal.

With regard to the photographs (P. 19), enlargements had previously been admitted in evidence. There is nothing contained in the captions to harm or prejudice the appellant. Each of the enlarged photographs was explained to the jury with the substance of the respective captions contained in the explanation.

With regard to the sketch (P. 18), nothing is shown in the sketch or in the notes written thereon which did not appear elsewhere in the evidence.

(b) While the trial court more properly should have included P. 18 and P. 19 in the instructions given on P. 20, we do not view this as sufficient error to require a reversal and another trial in this case.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED JANUARY 9, 1976.

*Walton, Smith, Shaw, Maddox & Davidson, James D. Maddox, A. A. Farrar, Sr.,* for appellant.

*N. Forrest Montet, Malcolm P. Smith,* for appellee.